United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAREN EWART, et al.,

Plaintiffs,

v.

FENDER MUSICAL INSTRUMENTS CORP.,

Defendant.

Case No. 26-cv-05460-EKL

**ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION**

Re: Dkt. No. 1

Plaintiffs allege that the Court may exercise subject matter jurisdiction over this putative class action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *See* Compl. ¶ 10, ECF No. 1. CAFA jurisdiction requires minimal diversity of citizenship, which is satisfied if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see also Faulk v. JELD-WEN, Inc.*, 159 F.4th 618, 622 (9th Cir. 2025). The complaint alleges that the named Plaintiffs, Karen Ewart and Bianca Johnston, are citizens of California. Compl. ¶¶ 7-8. The complaint further alleges that the sole Defendant, Fender Musical Instruments Corp., is "a Delaware corporation with its principal place of business in Los Angeles, California." *Id.* ¶ 9. Therefore, Plaintiffs and Defendant are all citizens of California. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (A corporation is a citizen of its state of incorporation and of the state where it has its principal place of business.). The complaint does not allege that any of the putative class members are citizens of another state. Therefore, minimal diversity appears to be lacking.

Moreover, even if Plaintiffs had alleged minimal diversity of citizenship, it appears likely that the Court should decline to exercise jurisdiction due to CAFA's mandatory or discretionary "home state" exception. *See* 28 U.S.C. § 1332(d)(4). The mandatory home state exception

requires a district court to decline to exercise jurisdiction where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1220 (9th Cir. 2020) (quoting 28 U.S.C. § 1332(d)(4)(B)). The discretionary home state exception provides that a district court may decline to exercise jurisdiction "when more than *one-third* of the putative class, and the primary defendants, are citizens of the state where the action was originally filed." *Id.* It appears likely that more than two-thirds of proposed class members are citizens of California because the complaint alleges that Defendant "targets California consumers," and all claims are asserted under California law. *See* Compl. ¶¶ 20, 126, 154, 158-234.

Accordingly, the parties are ORDERED to show cause in writing why the Court has subject matter jurisdiction over this action. Plaintiffs and Defendant may each file a response to this Order, not to exceed five pages, by September 11, 2026.

**IT IS SO ORDERED.**

Dated: August 28, 2026

Eumi K. Lee
United States District Judge